[Civ. No. 22610.   Second Dist., Div. Three.   Nov. 5, 1958.]

MARY LOU WALBERGH, Appellant, v. JESSIE E. MOUDY, Respondent.

Stegman & Stegman and Edwin B. Stegman for Appellant.

L. A. Lewis, Larwill & Wolfe and Charles W. Wolfe for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment in favor of defendant in an action for specific performance, or, in the alternative, for damages for breach, of a contract to construct improvements on plaintiff's realty.

On December 18, 1946, James H. Francis, as lessor, and Willard F. Jones and Agnes E. Jones, as lessees, executed a lease of improved realty in Tecopa, Inyo County, California, known as "Tecopa Auto Court." On May 1, 1950, with lessor's consent the lessees assigned the lease to defendant Jessie E. Moudy and she took possession of the property on that date. Francis died on March 12, 1953. Plaintiff Mary Lou Walbergh, daughter of Francis, is the owner of the leased property, it having passed to her on his death.

The lease of December 18, 1946, was for a term of 23 years, ending October 31, 1969. The lessor owned a total of 880 acres. The lease covered 26 acres. The consent to the assignment of the lease reads:

"ASSIGNMENT OF LEASE
AND
AGREEMENT.

"THIS AGREEMENT, made and entered into this ——— day of May, 1950, by and between JAMES H. FRANCIS, hereinafter called 'First Party,' and JESSIE E. MOUDY, a widow, hereinafter called 'Second Party,'

"WITNESSETH:

"That in consideration of the mutual covenants and agreements herein contained, it is hereby agreed between said parties, as follows:

"First party, as lessor in that certain lease dated December 18, 1946, between James H. Francis, as lessor, and Willard F. and Agnes E. Jones, as lessees, hereby consents to the

assignment of said lease between James H. Francis and Willard F. and Agnes E. Jones to Jessie E. Moudy, second party herein.

"It is hereby agreed that said lease dated the 18th day of December, 1946, shall be extended for a period of four (4) years and six (6) months from and after the termination of said lease, to wit, until April 30, 1975; the rental thereof to be the same as set forth in said original lease. The last four (4) years and six (6) months of said lease the rental shall be One Hundred and Fifty Dollars ($150.00) per month.

"In consideration of second party building or erecting fifteen (15) dwellings or units on said property during the next five (5) years, first party agrees that he will not execute any lease for motel or hotel purposes to any other person, firm or corporation other than second party for a period of five (5) years from and after the date of this agreement. In this connection, it is agreed that second party obligates herself to erect said fifteen (15) dwellings or units during said period of five (5) years, and at least three (3) units are to be completed each year, but that the four units or dwellings now being constructed by second party shall be considered as a part of fifteen units, and in the event that second party shall erect a total of fifteen units, including the four now being constructed, at any time prior to the expiration of said five years, then second party shall be relieved of any further obligation to build units on said property."

On April 29, 1951, the lessor signed this instrument:

"I the undersigned owe Jessie E. Moudy $1,000.00 cash.

"I also grant Jessie E. Moudy the extension of Two years on building more courts as lease calls for 3 courts to be built each year."

Defendant paid the rental under the lease and has remained in possession at all times, but except for four units constructed in May 1950 she did not construct any units or dwellings on the property.

Plaintiff brought the action to compel defendant to specifically perform the agreement to construct 11 additional units or dwellings or, in the alternative, for damages for breach of the agreement.

The court found: the agreement of May 1950 provided that defendant would erect 15 dwellings or units on the leased property during the years from May 1950 to May 1957 comparable to those already situated or which were then being constructed upon the premises in or about May 1950; the

agreement was not subject to specific performance; "[t]he defendant Jessie Moudy Francis has breached said Agreement of May, 1950, in that she has failed to erect and place upon said premises all of said fifteen (15) units or dwellings, but the plaintiff has sustained no damage as a result thereof"; "[p]laintiff is the owner of other real property in Tecopa, County of Inyo, California, near the aforesaid leased premises. The said dwellings or units already erected or constructed on the said leased premises have failed to enhance or add to the value of the property which is the subject matter of said lease, or to the value of plaintiff's other said property. Additional buildings of the same kind and character as those already erected or constructed on said leased premises likewise would add nothing to enhance the value of the property which is the subject matter of said lease, or to the value of plaintiff's said other property, at the present time or at any subsequent time, up to and including the expiration of the lease term, to wit: April 30, 1975, nor thereafter; likewise the failure so to erect or construct said dwellings or units has not, nor will it, detract from, nor reduce, the value of said premises which are the subject matter of the said Lease or of plaintiff's said other property"; "[i]t is untrue that the cost of construction of dwellings or units in Tecopa, County of Inyo, California, as contemplated in said Lease and Amendment or Modification thereof would be $5,110.00 per dwelling or unit, and in view of the type of sub-standard construction of said dwellings and units already on said premises, which were shack-like structures of little, if any, value, the cost, if any, of similar type buildings would be merely nominal only."

The court concluded that plaintiff "is not entitled to specific performance of the said Lease Agreement for the reason that an adequate remedy at law was, and has been, available to her."

Judgment was for defendant. Plaintiff appeals. Her only assignment of error is the insufficiency of the evidence to support the finding that no damages resulted to her by reason of defendant's breach of the agreement of May 1, 1950. Defendant contends that the agreement to erect "dwellings or units" was void for uncertainty. It is not necessary to decide that question.

There was no evidence on which the court could have found that plaintiff sustained any damage. Under the assign-

ment of the lease and the agreement in connection with it, the term for which defendant contracted does not expire until April 30, 1975. The only evidence bearing on the issue of damages was with respect to what it cost defendant to construct the four units in May 1950 and the cost of constructing comparable units in 1956. This evidence was received over the objections of defendant. There was no evidence as to what the value of the buildings would be in 1975 had they been constructed.

■ If there is no evidence on an issue the finding must be against the party who has the burden of proof. (*Monterey County* v. *Cushing*, 83 Cal. 507, 510 [23 P. 700]; *Estate of McKenna*, 143 Cal. 580, 592 [77 P. 461]; *Crittenden* v. *Credit Foncier des Etats Unis*, 94 Cal.App. 200, 205 [270 P. 1016].)

■ The damage here was the value of the buildings in 1975, had they been constructed. The burden of proving damage was on plaintiff. Since plaintiff produced no evidence with respect to what the value of the buildings would be in 1975, the court could not do otherwise than find that plaintiff has sustained no damage.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied December 1, 1958, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1958.