[Civ. No. 7826.   Fourth Dist., Div. One.   June 20, 1966.]

CHERYE JOHNSON, Plaintiff and Appellant, v. PACIFIC INDEMNITY COMPANY, Defendant and Respondent.

Mark L. Taylor and Leslie B. Joseph for Plaintiff and Appellant.

Ball, Hunt & Hart and Donald B. Caffray for Defendant and Respondent.

COUGHLIN, J.—Plaintiff appeals from a judgment denying recovery upon a policy of burglary insurance issued by defendant. Coverage under this policy was circumscribed by the definition of the term "burglary" as used therein, which was: "[T]he felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry. . . ." Defendant admitted that, on October 5, 1961, property was stolen and removed from the insured premises, but denied the theft was a burglary within the meaning of its policy. Plaintiff claimed the thief entered her premises feloniously; entry was made through a doorway closed by a padlocked door; the padlock had been forcibly removed; and the door opened in this manner. The court found "there were no visible marks made by tools, explosives, electricity or chemicals or otherwise upon or physical damage to the exterior of the plaintiff's premises at the place where the felonious entry was made"; and the "entry and burglary which the plaintiff suffered to her premises and property are not covered by the terms of the insurance policy" issued by defendant.

Plaintiff contends (1) the foregoing findings are not supported by the evidence; (2) proof of "visible marks" evidencing entry is not essential to recovery under the policy;

and (3) the court erred in sustaining an objection to admission of evidence.

Preliminarily, it is proper to refer to some fundamental rules on appeal. The trier of fact is the sole arbiter of all conflicts in the evidence, conflicting interpretations thereof and conflicting inferences which reasonably may be drawn therefrom; is the sole judge of the credibility of the witnesses; may disbelieve them even though they are uncontradicted if there is any rational ground for doing so, one such reason for disbelief being the interest of the witnesses in the case; and, in the exercise of a sound legal discretion, may draw or may refuse to draw inferences reasonably deducible from the evidence. (*Hannah* v. *Pogue,* 23 Cal.2d 849, 859 [147 P.2d 572]; *Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868]; *Shields* v. *Shields,* 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129]; *Cottle* v. *Gibbon,* 200 Cal.App.2d 1, 4 [19 Cal.Rptr. 82].)

It was stipulated plaintiff and her manager would testify ''that to their knowledge no one else at the time had any keys to this place of business except them''; and ''on the night of October 4, 1961, the place of business was locked at 6:15 o'clock.'' The evidence shows the method of locking the door in question was by inserting a padlock through a hasp. On the morning after the burglary the padlock was missing. There were no marks of any kind on the hasp, on the door, or in the immediate vicinity thereof, indicating the padlock had been removed with force and violence.

Plaintiff's attack upon the findings is premised upon her contention that absence of the padlock was a visible mark evidencing entry into the premises by force and violence and, for this reason, the finding there were no 'visible marks'' at the place of entry is contrary to the evidence. This contention is directed only to a part of the findings attacked. In addition to the absence of visible marks portion thereof, the court also found that the entry and burglary were not covered by the insurance policy. Implicit in this finding is the conclusion that on the occasion in question there was no padlock upon the door or, if it were, it had not been locked. The court was authorized to reject the testimony of plaintiff and her manager to the contrary, even though uncontradicted, because of their interest in the case. Under the general rule on appeal, in support of the judgment it must be assumed the court refused to accept this testimony, and based its finding upon a failure of proof. (*Thomas* v. *Hunt Mfg. Corp.,* 42 Cal.2d 734, 736 [269 P.2d

12] ; *Ballard* v. *Nye,* 138 Cal. 588, 593 [72 P. 156] ; *Walbergh* v. *Moudy,* 164 Cal.App.2d 786, 790 [331 P.2d 234].)

Furthermore, plaintiff's case was dependent upon proof a locked padlock had been removed from the hasp by force and violence. The coverage provided by the insurance policy was limited to a loss from a burglary where the entry had been made by "actual force and violence." As a consequence, even though it be assumed the door was opened by removing a locked padlock, this fact alone does not establish an entry by force and violence. The padlock may have been opened with a key. The effort necessary to accomplish such is not the force and violence contemplated by the policy. (*First Nat. Bank* v. *Maryland Cas. Co.,* 162 Cal. 61, 67-72 [121 P. 321] ; *Citizens' Nat. Bank* v. *Union Indemnity Co.,* 158 Ark. 398 [250 S.W. 329, 330].) Although it was stipulated plaintiff and her manager would testify that "to their knowledge" no one else at the time had a key to the padlock, this would not require the court to conclude no one else had such a key.

The further contention by plaintiff, assuming the door had been locked with a padlock, that absence of the padlock of itself was a visible mark within the meaning of the policy, is immaterial and unsound. It is immaterial because, even if the absence of the padlock be deemed a mark, this circumstance, as heretofore noted, does not evidence an entry by force and violence. It is unsound because the claim that mere absence of the padlock constituted a mark has no merit. The only means of entering the latched door was by removing the padlock from the hasp ; this would occur whether the entry was lawful or felonious ; and obviously the mere removal of the padlock was not a contemplated element of the offense of burglary as defined in the policy. In support of her position, plaintiff relies upon the decision in *Bernard* v. *Employers Liability Assurance Corp.,* 223 Ill.App. 229, where the court held a circular hole in a door from which a lock had been removed was a visible mark of removal by force. It would take force to remove such a lock from such a position in the door, whereas, removal of the padlock in the case at bench, after opening it with a key, would have been accomplished without the use of any force. The cited case is clearly distinguishable from the case at bench.

Also without merit is plaintiff's contention that even though the absence of the padlock did not constitute a visible mark, recovery upon the policy should have been allowed because the requirement thereof that the force and violence

effecting entry should be evidenced by visible marks is a condition to recovery in the nature of a rule of evidence contrary to public policy. In support of this position plaintiff cites the decision in *Ferguson* v. *Phoenix Assurance Co. of New York,* 189 Kan. 459 [370 P.2d 379, 99 A.L.R.2d 118], where entry into the outer door of a two-door safe was gained by manipulating the combination thereof and entry into the inner door by punching out the lock. Force had been used to obtain entry into the safe. The policy coverage in the cited case, as in the case at bench, was directed to loss arising out of entry by force and violence. The court held a provision of the policy apparently requiring proof of the use of force and violence by visible marks on both doors of the safe was a condition to recovery, rather than a limitation upon coverage, and constituted a rule of evidence which, under the circumstances of the case, was contrary to public policy. In the case at bench there was no showing that entry into the premises was effected by force or violence of any nature, at any place.

The trial court sustained an objection to plaintiff's offer to introduce into evidence a photograph of a padlock and hasp on the subject door, which also showed the padlock had been cut, apparently by a type of clippers, without marking the hasp. Plaintiff contends this was error. The alleged purpose of this evidence was to show the lock could have been cut by force without leaving any marks upon the hasp, or other exterior parts of the building. The offer was directed to a fact so obvious it needed no proof. Under the circumstances, admission of the offered evidence was subject to an exercise of judicial discretion. No abuse of that discretion appearing, the ruling of the trial court will be upheld. (*Decter* v. *Stevenson Properties, Inc.,* 39 Cal.2d 407, 420 [247 P.2d 11].)

In light of the fact there is no evidence showing the use of any force or violence to gain entry into plaintiff's premises, we deem it unnecessary to consider further the contentions directed to the requirement of the policy that the actual force and violence used in gaining entry must be evidenced by visible marks "made by tools, explosives, electricity or chemicals" upon the exterior of the premises at the place of entry, even though one of the findings made by the court expressly found the absence of any such visible marks.

The judgment is affirmed.

Brown, P. J., concurred.