**KRETSCHMER'S HOUSE OF APPLI-
ANCES, INC., Appellant,**

v.

**UNITED STATES FIDELITY AND GUAR-
ANTY COMPANY, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1966.

Rehearing Denied Feb. 10, 1967.

B. C. Van Arsdale and Herbert Van Arsdale, II, Louisville, for appellant.

Fielden Woodward and Frank P. Doheny, Jr., Woodward, Hobson & Fulton, Louisville, for appellee.

CULLEN, Commissioner.

. The question is whether the loss sustained by appellant appliance dealer by reason of the disappearance of several thousand dollars' worth of new television sets from appellant's warehouse is covered by appellant's "Special Multi-Peril Policy" with appellee insurance company. The circuit court said "no" and entered summary judgment for the insurer. The insured has appealed.

■ The policy contained this clause:

"M. Premises Burglary or Robbery: Loss by burglary shall cover the felonious abstraction of insured property * * * from within the premises by a person making felonious entry therein by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to premises at the place of entry, * * *"

We think the clause reasonably means that the necessary evidence of entry by force and violence may consist either of "visible marks" or of physical damage to the premises at the place of entry. The appellants here seek to recover on the "physical damage" theory.

The appellant's warehouse door was secured by a padlock. The loss of the television sets was discovered after two of the appellant's employes, who had been sent to the warehouse with some goods to be stored there, found that the regular padlock had been replaced by a strange one, which their keys would not fit. The simple issue in the case is whether this substitution of padlocks constituted physical damage to the premises evidencing an entry by force and violence.

■ We have no difficulty in concluding that the removal from the premises of the regular padlock which was a vital part of the protective system designed to prevent unauthorized entry to the warehouse, was "physical damage to the premises". Cf. Bernard v. Employers Liability Assurance Corporation, 233 Ill.App. 229.

■ We think also that the removal of the original padlock and substitution of another warrants a reasonable inference (and therefore is evidence) that there was an entry by force and violence. Had the original padlock simply been left open by carelessness, or had the theft of the television sets been an "inside job" or been committed by a person who somehow had obtained a key to the padlock, there would have been no reason for the substitution of a new padlock. A reasonable inference is that the original padlock was opened by violence and force resulting in its being damaged, wherefore the felon substituted a different padlock to conceal from casual observation the fact that there had been a break-in.

■ The conclusions we have reached are entirely consistent, we think, with the purpose of the kind of clause here involved, which is to protect the insurer from what commonly are known as "inside jobs" and from the frauds that inevitably would result

if some physical evidence of break-in were not required. See Annotation, 169 A.L.R. 224.

The judgment is reversed with directions for further proceedings consistent with this opinion.