[Civ. No. 25456.   First Dist., Div. One.   Apr. 4, 1969.]

NEEDA STANTON, Plaintiff and Appellant, v. ROBERT C. DOHMANN, Defendant and Respondent.

Caldecott, Peck & Phillips and Edward F. Peck for Plaintiff and Appellant.

Hagar, Crosby & Rosson, Edwin A. Heafey, Jr., and Raoul D. Kennedy for Defendant and Respondent.

ELKINGTON, J.—Plaintiff, Needa Stanton, appeals from a judgment entered upon a defense verdict in a personal injury action involving a rear end collision.

We meet at the outset her contention that evidence is insufficient as a matter of law to justify the court's giving of an instruction on contributory negligence. Here, as in *Rodri-*

*quez* v. *Lompoc Truck Co.*, 227 Cal.App.2d 769, 775 [39 Cal. Rptr. 117], inquiry is limited to whether "the record shows 'slight or, at least, some evidence upon the issue.' [Citation.] '[I]n order to find that the giving of any certain instruction was not warranted by the evidence, the court must find that, as a matter of law, there is in the record not even slight or inconclusive evidence on the point covered by the instruction.' [Citations.]" (See also *Puffinbarger* v. *Day,* 207 Cal. App.2d 540, 546 [24 Cal.Rptr. 533].)

We must, therefore, examine the evidence, and the reasonable inferences that may be drawn therefrom, in the manner most favorable to the prevailing party, resolving all conflicts in the evidence so as to uphold the judgment. (*Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.,* 66 Cal.2d 782, 784-785 [59 Cal.Rptr. 141, 427 P.2d 805]; *Johnson* v. *Pacific Indem. Co.,* 242 Cal.App.2d 878, 880 [52 Cal.Rptr. 76].) Considering the evidence in light of these appellate principles, the record shows the following sequence of events:

On February 18, 1965, at 5:30 p.m., plaintiff drove her automobile onto the San Lorenzo on-ramp intending to proceed north on Nimitz Freeway. The maximum speed limit on the ramp, which is a freeway, was 65 miles per hour. Defendant, shortly thereafter, proceeded onto the ramp at a speed approximately 10-12 miles per hour. As he reached the crest of the ramp he observed plaintiff's automobile about 100 feet ahead of him, stopped or slowly moving, and "in an attitude of entering the freeway."

Because of the manner in which this on-ramp is constructed, drivers entering the freeway must look to the left over the shoulder to see approaching traffic. Defendant did so, and observing a truck some distance back, concluded that he could safely proceed onto the freeway. Assuming that plaintiff would do likewise, he began to accelerate, but as he turned his vision forward again he found plaintiff at a complete stop, for no apparent reason, at the entrance to the freeway. Although he braked heavily, he could not avoid running into the rear of her automobile.

Plaintiff's explanation for her stopping was that vehicles on the freeway were approaching at such a speed and distance that had any vehicle attempted to enter the freeway a collision would have been inevitable. This testimony, however, did no more than create a conflict in the evidence, and, as previously stated, we are not at liberty to substitute our impres-

sions of the evidence for those of the trier of fact. We might surmise, parenthetically, that the jury could have found defendant's version of the condition of the traffic more probably correct, for it was an admitted fact that the impact propelled plaintiff's automobile across both freeway lanes without it being struck by any oncoming vehicle.

"Whether or not defendant was guilty of negligence [citations] or plaintiff was guilty of contributory negligence [citations], is ordinarily a question of mixed fact and law and may be determined as a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented. [Citations.]" (*Gray* v. *Brinkerhoff*, 41 Cal.2d 180, 183-184 [258 P.2d 834]; *Watkins* v. *Ohman*, 251 Cal.App.2d 501, 505 [59. Cal.Rptr. 709].) Simply stated, the evidence here established that plaintiff stopped her vehicle, without cause, at the end of a freeway approach designed for the purpose of accelerating one's vehicle to merge with freeway traffic, and in a position where approaching drivers would assume she would continue onto the freeway. We think that from these facts the jury could reasonably have concluded that plaintiff's conduct constituted a disregard for her own safety amounting to negligence, and that her negligence proximately contributed to causing the collision. (See Veh. Code, § 22520.) Accordingly, we find no error in the court's giving an instruction on contributory negligence.

Plaintiff also claims error in the court's refusal to give the following requested instruction : "If you find from the evidence in this case that the defendant was the driver of a vehicle which ran into the rear of the vehicle in which the plaintiff was seated you may then from those mere facts infer that defendant was driving at too high a rate of speed for the conditions then existing on the highway, or that the defendant was following too closely the vehicle ahead of him." We think that the court's refusal was proper.

Such an instruction was criticized in *Larson* v. *Solbakken*, 221 Cal.App.2d 410, 426-427 [34 Cal.Rptr. 450], because it conveys the suggestion of the court that defendant "was either travelling at too high a rate of speed or that he was following too closely the vehicle ahead of him."

We note that the jury were fully and properly instructed concerning circumstantial evidence and inferences. They were told that they could draw reasonable inferences from facts proved. Under these instructions the jury were thus permitted

to draw any reasonable inference from the admitted fact that defendant's automobile rear-ended that of plaintiff.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.