585 P.2d 299 (1978)
J. E. MARTIN, INC., Plaintiff-Appellant,
v.
INTERSTATE 8TH STREET, a partnership, and R. D. Von Engeln, a General Partner, Defendants-Appellees.
No. 77-503.
Colorado Court of Appeals, Division III.
July 6, 1978.
Rehearing Denied August 3, 1978.
Certiorari Denied October 10, 1978.
*300 Agee, Ewing & Goldstein, Peter A. Goldstein, Colorado Springs, for plaintiff-appellant.
William H. Kirkman, Colorado Springs, for defendants-appellees.
SMITH, Judge.
Plaintiff, J. E. Martin, Inc. (Martin) seeks review of a judgment dismissing its action for breach of a lease against defendant, R. D. Von Engeln, as a general partner of Interstate 8th Street, a limited partnership (8th Street). We affirm the dismissal.
On July 1, 1970, Martin leased certain realty to 202 Cascade Corporation (Cascade) for a term of approximately 28 years. The lease provided that Cascade would make monthly rental payments to Martin, and authorized Cascade as lessee to assign the lease without notice.
On August 23, 1970, Cascade entered into a "sublease agreement" with Interstate 8th Street Company. Although this agreement was clearly a sublease, Cascade by letter informed Martin (its lessor) that Cascade had executed an "assignment" of the lease to 8th Street. The sublease provided that 8th Street as sublessee should pay rent to Cascade, but 8th Street nevertheless made the monthly rental payments directly to Martin.
On June 30, 1971 8th Street assigned its interest under the sublease to Interstate 25 Investment Company (Interstate 25). Interstate 25 also made the monthly rental payments directly to Martin until July of 1975, a period of approximately four years. Thereafter, no further rent was forthcoming from any of these companies, and in 1976 Martin sued 8th Street and Von Engeln, as a general partner, for breach of the original lease.
Judgment was entered for defendants. The trial court concluded that the duty owed by 8th Street to Martin, if any, was discharged when it assigned its sublease, some four years before any damages were suffered by Martin, and further concluded that Martin had failed to join Cascade (Martin's lessee) and Interstate 25, the last party in possession as indispensable parties. Martin argues that both these conclusions were erroneous.
In support of its assertions, Martin characterizes the August 23, 1970 "sublease agreement" between Cascade (Martin's lessee) and 8th Street (Cascade's sublessee) as an assignment not a sublease, and premised thereon argues that, as an assignee, 8th Street, upon execution of the "sublease agreement," became solely liable for the performance of the original lease. Martin argues that such assumption of liability makes 8th Street and Von Engeln liable for the ultimate breach which occurred when Interstate 25 stopped paying rent. Martin's characterization is incorrect.
*301 Examination of the sublease agreement disclosed it to be just what its title indicates, a private contract between Cascade and 8th Street wherein rights and duties flow from one to the other, and which does not involve Martin. While the correspondence whereby Cascade notified Martin that it had "assigned" the lease to 8th Street, and 8th Street's making of payments directly to Martin might be some evidence of an assignment, it falls far short of establishing the basic elements necessary to create any novation or direct contractual relationship between Martin and 8th Street. There is no evidence of 8th Street's intention to assume any or all of Cascade's liabilities under the original lease, either in the "sublease agreement," the subsequent correspondence, or, for that matter, in the actions of the parties.
For the assumption of liability under a lease to be enforceable by the original lessor it must be expressed to him, not to the lessee. See Bonfils v. McDonald, 84 Colo. 325, 270 P. 650 (1928). Furthermore, the delegation of duties under a lease and their assumption by a third person do not absolve the original lessee, absent the lessor's knowledge and consent, simply by virtue of the conduct of the lessee and third party. See Crane Ice Cream Co. v. Terminal Freezing & Heating Co., 147 Md. 588, 128 A. 280 (1925). See also Walbergh v. Moudy, 329 P.2d 377 (1958); aff'd on rehearing, 164 Cal.App.2d 786, 331 P.2d 234 (1958).
We hold that where, as here, there was no privity of contract between 8th Street and Martin, the original lessor, any duties that 8th Street may have had relative to Martin, ended with the termination of its interest in the property. That occurred on June 30, 1971four years before the lease was breached. Martin's failure therefore either to join Cascade as the original lessee or Interstate 25 as a party in possession and its failure to establish any entitlement to recover directly from 8th Street and Von Engeln, mandated dismissal of the cause.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.