Martha C. **BAUGHER**, Plaintiff,

v.

**SECRETARY OF HOUSING AND URBAN DEVELOPMENT and Federal Insurance Administration and United States Government, Defendant.**

No. 82 1469.

United States District Court,
D. Kansas.

Dec. 20, 1985.

Charles M. Cline, Wichita, Kan., for plaintiff.

Stephen K. Lester, Ass't U.S. Atty., Wichita, Kan., Harvey J. Kesner, Federal Emergency Management Agency, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case is now before the court on motions for summary judgment filed by both plaintiff and defendant. The court is persuaded oral argument would not be of material benefit in resolving the issues presented in this case and the parties joint request for oral argument is therefore denied.

This case arises from the defendant's denial of the plaintiff's claim for loss under a federal crime insurance policy issued pursuant to 12 U.S.C. § 1749bbb–10a. The case has been submitted to the court upon stipulations. The parties have stipulated to certain facts and the testimony of the plaintiff. The parties have also stipulated to the issues remaining for determination by the court.

The insurance policy in question defines burglary as "the felonious abstraction of insured property from within the premises by a person making felonious entry therein by actual force and violence, evidenced by visible marks upon, or physical damage to, the exterior of the premises at the place of such entry." The defendant concluded there were no visible marks upon or physical damage to the exterior of the premises and denied coverage for that reason. The court is persuaded, however, that the plaintiff's loss is within the policy definition of the burglary and that she is entitled to recover for her loss up to the limits of the insurance policy.

The parties have stipulated that a residential crime insurance policy was issued to the plaintiff by the Federal Insurance Administration on July 10, 1980, insuring the contents of a commercial storage unit. The policy covered loss by burglary as defined above or by robbery.

The parties have agreed that there is no genuine issue of material fact in dispute. As stated above, the parties have stipulated to the content of the plaintiff's testimony. The government has offered nothing to contradict the stipulated testimony of the plaintiff and the court accepts the testimony as uncontroverted.

At some point during December, 1980, plaintiff's personal property was removed from the insured storage unit. The plaintiff reported the loss to the police, but none of the property was recovered. The parties have stipulated that if the loss is covered by the insurance policy, it would be in an amount greater than the $10,000 policy limits.

Prior to the loss, the storage unit was secured by three locks: two combination locks and one key lock. On December 28, 1980, when the loss was discovered, the two combination locks were missing. The key lock was locked in place.

The plaintiff filed a claim against the federal crime insurance policy. On June 23, 1981, the plaintiff's claim was denied on the grounds that no felonious entry to the insured premises was clearly identifiable.

The validity and construction of contracts entered into by the federal government is a matter of federal law. *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). In determining the interpretation of contractual provisions under federal law, the court is guided by general principles of contract interpretation including the rule that a contract should be construed strictly against the drafter. *United States v. Seckinger*, 397 U.S. at 209–10, 90 S.Ct. at 884.

The insured has the burden to prove a loss comes within the coverage of an insurance policy. In this case, the policy insures against losses for burglary and specifically defines what burglary is. The insured, therefore, has the burden to prove the loss sustained was a burglary as defined by the policy. *See* M. Rhodes, 19 *Couch on Insurance 2d (Rev.Ed.)* § 79:345; *See also Sydor v. Harris*, 480 F.Supp. 804 (E.D.N.Y. 1979).

The provision defining burglary in the insurance contract is not unusual. This provision, and others similar to it, are commonly used in insurance policies to preclude insurance coverage of "inside jobs." The court notes two decisions construing similar contractual provisions in similar circumstances. In the case of *Kretschmer's House v. U.S.F. & G. Co.*, 410 S.W.2d 617 (Ky.1967), the Kentucky Supreme Court found a loss was covered where a warehouse had been secured by a padlock which was replaced by a strange one. The court concluded that the removal of the original padlock in substitution of another was evidence that there had been entry by force and violence. "Had the original padlock simply been left open by carelessness, or had the theft of the television sets been an 'inside job' or committed by a person who somehow had a key to the padlock, there would have been no reason for the substitution of a new padlock." *Kretschmer's House v. U.S.F. & G. Co.*, 410 S.W.2d at 618.

The California Court of Appeals reached the opposite conclusion in the case of *Johnson v. Pacific Indemnity Co.*, 242 Cal. App.2d 878, 52 Cal.Rptr. 76 (1966). The California court reasoned that the absence of a padlock was not evidence of entry by force and violence because of the possibility the padlock had been opened by a key. The court reasoned that opening the door to the insured premises would require the removal of the padlock whether or not the entry was felonious. The mere absence of the padlock was, therefore, not considered evidence of burglary as required by the policy.

■ The court believes that the better reasoned approach is that taken by the Kentucky court in *Kretschmer's House*. If entry to the storage facility had been obtained by using a key, by plaintiff inadvertently leaving the locks open, or by any other means not resulting in physical damage to the locks, the locks would, in all probability, have been replaced to delay detection of the loss. The mere absence of the two padlocks is, therefore, a visible mark upon the exterior of the premises which is evidence of entry by actual force and violence.

■ It is inappropriate to award prejudgment interest against the United States in the absence of an express waiver of sovereign immunity for that purpose. *Philadelphia Gear Corp. v. Federal Deposit Insurance Corp.*, 751 F.2d 1131 (10th Cir.1984). The Federal Crime Insurance Program contains no such waiver. The plaintiff is, therefore, not entitled to prejudgment interest.

■ The court will not award attorney fees in this case. The United States may be liable for attorney fees to the same extent that any other party would be liable under the common law or a statute which specifically provides for such an award. 28 U.S.C. § 2412(b). Many states have imposed on insurers who deny claims in bad faith the obligation to pay the attorney fees of the insured. *See, e.g.,* K.S.A. 40–256. These provisions, however, normally re-

quire a finding that the insurer acted in bad faith. In this case the court will not make such a finding. The current state of the law leaves substantial question as to the construction of the particular contractual provision in question. The United States was not, therefore, in bad faith in initially refusing coverage and the plaintiff is not entitled to fees under § 2412(b).

A private party in litigation brought by or against the United States is entitled to recover attorney fees unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). This provision was repealed but remains applicable to any action filed, as this one was, prior to October 1, 1984, the effective date of repeal. Pub.L. No. 96–481, 94 Stat. 2327.

It has been held that subsection (d) creates a modest presumption in favor of the prevailing party. The government's position certainly cannot be frivolous but need not be meritorious. *See Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820 (7th Cir.1984). Based upon the above standard and the noted split of authority on this issue, the court finds the position of the government in denying coverage was substantially justified and declines to award fees based upon 28 U.S.C. § 2412(d)(1)(A). The plaintiff is, nevertheless, entitled to costs pursuant to 28 U.S.C. § 2412(a).

It is not necessary for the court to address the issue of estoppel because of the determination that the loss is covered by the written contract.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that judgment for the plaintiff is granted in the amount of $10,000 plus costs.

IT IS FURTHER ORDERED that plaintiff's claims for prejudgment interest and attorney fees are denied.