Samuel Rauworth, d/b/a Golfers Club, Appellee, v.
Commercial Insurance Company of Newark, New
Jersey, a New Jersey Stock Insurance Company,
Appellant.

Gen. No. 47,802.

First District, First Division.
November 30, 1959.
Released for publication February 9, 1960.

Samuel Levin, of Chicago, for defendant-appellant.

John F. Hoover, of Chicago, for plaintiff-appellee.

PRESIDING JUSTICE DEMPSEY delivered the
opinion of the court.

This is a suit on a burglary insurance policy, which
was tried before the court. The defendant appeals
from the $3,000 judgment for the plaintiff on the
ground that it was not proven that the plaintiff's loss
was occasioned by a burglary of the kind described in
the policy.

The insured, Samuel Rauworth, sold golf equipment
and operated a golf school on the third floor of a three
story building located at 111 West Hubbard Street,

Chicago. His shop was burglarized in July, 1957, and a quantity of golf clubs was stolen.

The building is on the south side of the street. On the third floor there was one large and one small room. The large room was in front and it was here that the merchandise was kept and the school conducted. The small room was in the rear at the extreme southwest end of the floor. The parties agree that the burglars entered from the roof through an unlocked trap door in the ceiling of this rear room and that the entry was made without force and without external marks of violence. The thieves then used force to enter the front room by breaking the lock on a steel fire door between the rooms.

The principal dispute between the parties concerns the use and control of the rear room and involves these provisions of the insurance policy:

"Definitions (a) Premises. The unqualified word 'premises' means the interior of that portion of the building at the location designated in the declarations which is occupied by the insured as stated therein, but shall not include . . . (2) public entrances, halls or stairways.

"(b) Burglary. The word 'burglary' means the felonious abstraction of insured property (1) from within the premises by a person making felonious entry therein by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry, . . ."

The defendant argues that the burglary was not covered by the policy because the rear room was part of the premises and because no force was used to enter that room. The plaintiff contends that the room was not a private one under his control and is within the exception relating to "public entrances, halls or stairways."

17

When the plaintiff rented the premises in 1947 the building had five floors and the third floor consisted of just one large room which ran the length of the building. At the south end there was a door which led onto a wooden porch. A fire occurred in 1949 and the building was reduced to three floors. On the third floor a new enclosed brick porch replaced the wooden one. In 1950, with the permission of his landlord, Rauworth divided this porch into two sections by erecting a partition from north to south. The door from the large room opened into the west part of the divided porch. There were also two doors on the east side of the partition; one opened onto a landing where the plaintiff stored trash, the other led to the descending back stairs. The three doors could be locked on the inside. Rauworth had the west section refinished by covering the walls with plasterboard and putting in a ceiling, but the trap door, which was in this section, was not covered. He then furnished the room and used it as a clubroom for his customers. Later he used it for storage purposes.

The landlord furnished heat to the third floor, front and back. He testified that he used the hatch to go up to the roof, that he kept a ladder in the room and that roofers probably used the hatch. He stated that the entire third floor, including the rear room, was leased to the plaintiff.

There is nothing in the evidence to indicate that the plaintiff did not have full control over the room other than the fact that the landlord kept a ladder there for the purpose of going to the roof and that roofers may have done the same thing, but this limited use could not make the room "public." Certainly, the general public did not have access to the rear room.

Wakem & McLaughlin, Inc. v. Royal Indemnity Co., 241 Ill. App. 427, analyzed the phrase "public entrances, halls and stairways" in an analogous situa-

18

tion. The argument was made that the door, through which the burglars entered, was the same door through which customers and employees entered the plaintiff's place of business and that, therefore, this entrance was "public" and did not constitute a part of the plaintiff's premises. The court denied this contention. In so doing it stated:

"The words 'public entrances, halls and stairways,' as used in the policy, clearly refer to such entrances, halls and stairways, outside of the premises occupied by the insured, as are open to the use of the general public, and are not under the sole control of the insured. The word 'public' is used in the policy as the opposite of 'private.' To illustrate the distinction, a private road or way leading from a public highway into the premises of an abutting owner does not become a public road by being used by members of the public with his permission or upon his invitation. In the same sense, the door leading from the street into plaintiff's salesroom and office did not become a public entrance merely because it was used by plaintiff's employees or customers, or others whose use of the same was permissive or invited. We are therefore of the opinion that the door through which the burglars entered the premises of the plaintiff was not a public entrance within the meaning of the provision of the policy issued to the plaintiff."

The terms of the contract between the parties are clear and require no construction. The policy described that part of the building occupied by the insured as the "third floor," making no distinction between the front and rear rooms. "Premises" is defined as the interior of the building occupied by the insured. "Burglary" is defined as an entry to the premises evidenced by visible marks to the exterior of the premises. The evidence is equally clear. It shows that

the rear room was part of the insured's premises, that the entry into this room was not by actual violence evidenced by visible marks as required under the policy and that forcing open an inner door was not damage to the exterior of the premises at the place of entry as defined by the policy.

Other arguments were advanced by the defendant but in view of our decision we need not discuss them.

Judgment reversed.

SCHWARTZ and McCORMICK, JJ., concur.