HENRY E. ARTRESS

*v.*

STATE FARM FIRE AND CASUALTY COMPANY.

429 S.W.2d 430.

(*Knoxville,* September Term, 1967.)

Opinion filed June 7, 1968.

Robert D. Lawson, Chattanooga, for appellant.

Spears, Moore, Rebman & Williams, Chattanooga, Thomas S. Kale, Chattanooga, of counsel, for appellee.

Mr. Chief Justice Burnett delivered the opinion of the Court.

This is a suit to recover under a policy of insurance, commonly called a home-owner's policy, written by the insurance company on the appellant's dwelling. This policy also insured with certain exceptions unscheduled personal property away from the insured's premises up to a maximum amount of $1,000.00.

While the policy was in force, and on September 2, 1966, according to the facts as stipulated, and while the appellant's automobile was parked at Fisherman's

Wharf in San Francisco, California, the automobile of the appellant was entered and considerable personal property was stolen therefrom which was in excess of the $1,000 limit in the policy. The stipulation likewise shows that there were no visible marks or signs of any nature upon the trunk or any portion of the appellant's automobile to indicate that the trunk or any other portion thereof had been forced open or broken into.

The defense is predicated upon a provision of the policy which is in EXCLUSIONS—SECTION 1, COVERAGE B (f) and provides as follows:

"*Exclusions applicable to property away from described premises:* This policy does not apply as respects this peril to loss away from the premises of: (a) property while in any dwelling or premises thereof, owned, rented or occupied by an Insured, except while an Insured is temporarily residing therein; (b) property while unattended in or on any automobile, motorcycle or trailer, other than a public conveyance, unless the loss is the result of forcible entry either into such vehicle while all doors and windows thereof are closed and locked or into a fully enclosed and locked luggage compartment, of which entry there are visible marks upon the exterior of said vehicle."

It is ably insisted by the appellant that the portion of this exclusion requiring visible marks constituted an attempt by the insurer to prescribe the character of evidence necessary to show liability and hence the provision was void as against public policy and it was likewise contended the language was ambiguous when the above quoted exclusion is considered along with the language in Section 1 which states in part, "This policy also covers

unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world. * * *'' It is thus argued that the exclusion and the coverage make the policy ambiguous and thus it must be construed against the insurer and in favor of the insured.

We are favored with excellent briefs herein and among the cases cited is the recent annotation in 99 A.L.R.2d, beginning at page 129, which is headed: "Provisions of burglary or theft policy as to 'visible marks' or 'visible evidence' ''. Under this annotation the cases from the United States are well annotated and considered. The annotator starts his summary thus:

"It is not uncommon for insurance companies to include in their burglary or theft insurance policies a provision that there exist visible marks or visible evidence of force and violence in effecting a felonious entry. Such a provision is inserted for the protection of the insurer and clearly favors the insurer over the insured. Since it is ordinarily held that such a provision is unambiguous, the rule requiring construction in favor of the insured does not apply."

We, after studying these authorities and seeing in some of these cases the question raised and argued as is done here by the appellant, are unable to find any ambiguity in the language of this policy. The provision is not a rule of evidence to be applied but under the unambiguous language is a limitation on liability and there is no liability when the evidence did not show there were any visible marks made at the place of entry by tools. It must be remembered that an insurance policy is merely a contract between these parties and when the language

is plainly written and there is nothing to show to the contrary other than the parties entered into such a contract, they are bound thereby.

The annotator of the annotation referred to above likewise lists under Section 4 of the annotation the rules of construction generally and under such he says this:

"* * * it seems to be well settled that such provisions are not ambiguous, and hence do not justify the application of the principle that the insurance policy will be construed most favorably to the insured."

Under such a statement among the cases from many jurisdictions cited is that of *Gracey v. American Automobile Insurance Co.*, 188 Tenn. 230, 218 S.W.2d 735, which is a case where the proof showed that the safe was unlocked by manipulation without visible evidence of violence and that recovery could not be had.

The writers of American Jurisprudence have reached exactly the same conclusion and state their conclusion from the study of the authorities in 29 Am.Jur. at sec. 1336, as follows:

"It is not uncommon for insurance companies to include in their theft or burglary insurance policies provisions restricting their liability to cases where there was some 'visible marks' or 'visible evidence' or the use of force or violence. It is entirely competent for an insurer to insert such a clause in the contract of insurance, and since such a provision is unambiguous it does not justify the application of the general principle that the insurance policy will be construed most favorably to the insured."

A number of cases may be found wherein this principle is followed and the only exception that we can find thereto is where two or three different contract provisions have been held by the courts to be ambiguous, such as in the case of *National Surety Company v. Silberberg Bros.* (Texas Civil Appeals, 1915), 176 S.W. 97. The case apparently is cited for the proposition that an unlocked trunk is sufficient evidence to satisfy the exclusion that there are visible marks. When we read the opinion it is seen that this is not the real holding of the case. The policy in question contained two clauses—one requiring entry by reflected "visible marks" while the general insuring clause provided coverage for loss by burglary of any merchandise taken by persons who have made forcible and violent entry upon the premises or exit therefrom, of which force and violence there would be visible evidence. Since one part of the policy called for "visible marks" and another for "visible evidence" the court held in the light most favorable to the insured and ruled that the two terms were synonymous. The court then ruled that a thrown lock on a door, although there was no "visible mark" on the exterior of the premises, was certain visible evidence of an entry, and therefore it allowed a recovery.

A well written opinion on the question is that of *Bridge v. Massachusetts Bonding & Insurance Co.*, 302 Ill.App. 1, 23 N.E.2d 367, wherein the court held under a burglary policy that the insuring against loss through the abstraction of property from the safe by persons making a felonious entry into by force and violence "of which there shall be visible marks made by tools, explosives, electricity, gas or other chemicals," contains no ambiguous language justifying the court to modify or ignore the

express provisions or to adopt a strained or forced construction thereof as covering loss through the robbers' abstraction of property from the safe after compelling insured to open it by manipulating combinations.

This question likewise is subject to several pages in Insurance Law and Practice by Appleman, Vol. 5, at Section 3176, which annotated down through 1967 and is to exactly the same effect as that heretofore referred to by other cases and texts on the subject. Among other cases is one from New Jersey on the question which is well written and is that of *Weil v. Pennsylvania Fire Ins. Co.,* 58 N.J.Super. 145, 155 A.2d 781, where there was an entry into the trunk of the car.

Lastly, counsel for the insurance company cites the case of *Scanlon v. Western Fire Ins. Co.,* 4 Mich. App. 234, 144 N.W.2d 677, wherein the identical proposition here offered on behalf of the appellant was considered. The Michigan court said that this question had never reached their Supreme Court, "i. e., repugnancy to public policy of a limiting clause in an insurance policy, correlative cases have considered construction of such exclusionary clauses with judgment being rendered in favor of the defendant insurance company." (Citing authorities.) Then the Court of Appeals of Michigan goes on to consider the identical question here raised and says, quoting from another Michigan case, that:

"'The present provision limiting liability is not against public policy. It is not against public policy for a casualty company, in unambiguous terms, to limit its liability to only claims or suits brought within a time certain, and thus enable the company to make an early

investigation, secure proofs and possibly prevent fraud or collusion.'

''Here the casualty company has limited its risk, asking that some proof be offered to demonstrate that the automobile entered was in fact locked.''

Thus it was the court held that there was not ambiguity in language almost identical to that in the present case, and that there could be no recovery in the absence of visible marks upon the exterior of the vehicle.

After having fully considered the question we without any reservations or hesitation affirm the decree of the Chancellor wherein he dismissed the bill because of the exclusion in the policy hereinabove quoted.