McGEHEE HATCHERY *v.* REBECCA COLVIN REED ET AL

5-5049                                          450 S. W. 2d 5

Opinion delivered February 16, 1970

*Drew & Holloway,* for appellant.

*Bridges, Young, Matthews & Davis,* for appellees.

CONLEY BYRD, Justice. This action was commenced in the trial court by appellee Rebecca Colvin Reed against appellee Mrs. Robert Wardrip for injuries sustained when the automobile in which Mrs. Reed was riding was struck from the rear by an automobile driven by Mrs. Wardrip. Appellant McGehee Hatchery was brought into the action by Mrs. Wardrip upon an allegation that McGehee Hatchery caused a tire and wheel to come loose from a truck driven by McGehee Hatchery's employee in such manner as to cause Mrs. Wardrip momentarily to lose control of her car, to fear for the safety of herself and others in her vehicle, and to run into the rear of the vehicle in which plaintiff was riding. The jury returned a verdict for Mrs. Reed and against both Mrs. Wardrip and McGehee Hatchery. By its verdict the jury found that

McGehee Hatchery was jointly liable with Mrs. Wardrip and responsible for 50% of the negligence. For reversal McGehee Hatchery contends that the trial court erred in overruling its motion for a directed verdict.

The record shows that Mrs. Reed put on her proof first. Following the testimony of Mrs. Reed, the driver of the vehicle in which she was riding and the investigating officer, McGehee Hatchery moved for a directed verdict. Thereafter Mrs. Wardrip put on her proof and McGehee Hatchery put on its proof and the matter was submitted to the jury without a further request for a directed verdict. The record as abstracted does not show a motion for judgment notwithstanding the verdict.

In *Arthur Murray, Inc.* v. *Parris,* 243 Ark. 441, 420 S. W. 2d 518 (1967), and *Granite Mountain Rest Home* v. *Schwarz, Adm'r.,* 236 Ark. 46, 364 S. W. 2d 306 (1963), we held that where one introduces proof after the trial court has denied a motion for a directed verdict, he waives any error committed by the court in failing to grant a directed verdict. Under these authorities McGehee Hatchery is not in the position to urge that the court erred in failing to direct a verdict in its favor.

The judgment is affirmed.