Lula ORSBY *v.* Thelma Childs McGEE

80-245                                    608 S.W. 2d 22
Supreme Court of Arkansas
Opinion delivered December 1, 1980

*Wilson, Bell & Neal,* by: *Kathleen Bell,* for appellant.

*Schieffler & Yates,* by: *Henry L. Yates,* for appellee.

RICHARD L. MAYS, Justice. This is an appeal from a judgment in a personal injury action in which the only assignment of error is that the evidence is not sufficient to support the verdict.

Appellant, Mrs. Lula Orsby, filed suit in Phillips County Circuit Court against appellee, Mrs. Thelma McGee, alleging that she sustained personal injury and property damage as a result of appellee's negligent operation of her automobile. Appellee answered the complaint, denying any negligence, and counterclaimed against appellant for personal injury and property damage allegedly sustained as a proximate result of appellant's negligence.

The case was tried before the circuit judge sitting as a jury. Appellant testified that on April 30, 1976, at approximately 4:30 p.m., she was driving her automobile in the lane nearest the center line in a westerly direction on Highway #49 in Helena, Arkansas, when she stopped to turn left and was struck in the rear by a vehicle driven by appellee.

Appellee's testimony was in direct conflict with appellant's. She testified that she was driving on the inside lane traveling west on Highway #49 when appellant passed her on the right, pulled directly in front of her and stopped, causing appellee to collide into the rear end of appellant's vehicle. Appellee's testimony was substantiated by the testimony of her teenage son who testified that appellant

almost struck his mother's car on the passenger side as appellant passed ahead of appellee, pulled in front of her and abruptly stopped, causing the collision.

Although there were no other witnesses to the accident, a police officer, in response to appellant's counsel's questions concerning any statement by appellee at the accident scene, testified:

> I believe she stated that she had just left the hospital drive — if I'm not mistaken, and she was proceeding west on Oakland [Hwy. #49], and at the scene, I believe the only thing that she told me was she just looked and there she was because she had a child of hers in the car, and she was upset. . . .

Appellee denied giving any statement to the police officers and consistently adhered to her version of the accident. The trial court, apparently disbelieving the testimony of appellant, held in favor of the appellee on the complaint and counterclaim but reduced the amount of appellee's judgment because of contributory negligence.

In reviewing the sufficienty of the evidence on appeal to support the decision of a trial judge sitting as a jury, we consider the evidence in the light most favorable to the appellee and affirm unless the trial court's decision is clearly erroneous. Ark. R. Civ. P. 52, *Taylor* v. *Richardson Const. Co.*, 266 ark. 447, 585 S.W. 2d 934 (1979).

Appellant essentially contends that the police officer's testimony established her version of the facts and since he was the only disinterested witness concerning liability, his testimony could not be disregarded. Although we agree that the officer's testimony was more favorable to appellant that appellee, we do not believe that it established appellant's version of the accident. His testimony did not establish that appellant was not negligent, but merely that appellee might have been, a fact duly noted by the trial judge since he reduced appellee's judgment because of it. Moreover, even if the officer's testimony concerning appellee's admission had been more conclusive on liability, the court could still have con-

ceivably disregarded it since the appellee denied making any statement to him. See *Western Union Telegraph Co.* v. *Baltz*, 175 Ark. 167, 299 S.W. 377 (1927). It must be remembered that the credibility of the witnesses is determined by the fact finder, not this Court. *Box* v. *Dudeck*, 265 Ark. 165, 578 S.W. 2d 567 (1979). It is the fact finder who listens to the testimony and observes the demeanor of the witnesses. The disinterest of a witness is simply one factor among many which may be taken into consideration in assessing credibility. Although, as fact finders, we might have made a different decision than the trial judge below, we cannot say that the decision which was made was clearly erroneous.

Affirmed.