THOMAS JEFFERSON INSURANCE COMPANY
v. STUTTGART HOME CENTER, INC., Bobby
MOTEN and Pearl Scaife MOTEN

CA 81-238                                    627 S.W. 2d 571

Court of Appeals of Arkansas
Opinion delivered February 10, 1982

*Bridges, Young, Matthews, Holmes & Drake,* for appellant.

*Norman M. Smith,* for appellees.

DONALD L. CORBIN, Judge. Appellant, Thomas Jefferson Insurance Company, appeals a decision by the Circuit Court of Jefferson County which ruled that the appellees, Bobby Moten and his wife, Pearl Scaife Moten, were entitled to recover from the appellant for the loss of their furniture

plus attorney fees and costs. We affirm in part and reverse in part.

In July, 1978, the Motens purchased furniture under a conditional sales contract from the Stuttgart Home Center to furnish their apartment. Simultaneously, they purchased a policy of insurance from appellant, with a loss payable clause in favor of Stuttgart Home Center, to cover loss or damage to the furniture.

In August, 1979, while the Motens were away from their residence, the apartment was entered and the furniture insured by appellant was severely damaged. In February, 1980, Stuttgart Home Center filed suit against the Motens for default on the conditional sales contract. The Motens brought appellant into the suit as a third-party defendant, contending that appellant had been notified of the loss but had refused to pay under the policy.

At trial, appellant contended that the insurance policy did not provide coverage for this loss suffered by the Motens. The provision in dispute under the insurance policy provided as follows:

> Coverage: The Master Policy covers direct loss or damage by:
>
> . . . .
>
> (e) Burglary from within a building or room (of which there must be visible evidence of forcible entry).

The trial court made the following findings of fact:

> That the third-party plaintiffs did prove by a preponderance of the evidence, that a burglary of their apartment had in fact occurred and that there was visible evidence of a forcible entry into said apartment; the screen to the window immediately above the kitchen sink had been removed and was found in the backyard of the third-party plaintiff's apartment, a

window over the sink was unfastened, property was missing from the apartment and a number of flower pots had been knocked into the kitchen sink, and the rear door of the apartment had been opened.

The Stuttgart Home Center, Inc. and the Motens stipulated that the Home Center would recover the balance due under the conditional sales contract. The Court awarded judgment to the Motens for $2,675.00 plus 12 percent penalty and attorney fees in the amount of $998.66 plus their costs expended.

For reversal, appellant first argues that the trial court erroneously equated the acts of vandalism with burglary and, in effect, rewrote ·the insurance policy contract to provide coverage when none existed. We disagree.

In *Northland Bottling Co. v. Farmers Mutual Automobile Ins. Co.,* 3 Wis. 2d 326, 88 N.W. 2d 363 (1958), the Wisconsin Supreme Court dealt with a loss due to vandalism under a burglary policy. The policy in *Northland* defined burglary as the felonious abstraction of property or attempt thereat, occasioned by actual force or violence and provided coverage when loss or damage was occasioned by burglary or attempted burglary.

In holding that the policy terms were ambiguous, the court in *Northland* stated as follows:

> The property on which plaintiff claims a loss was damaged or destroyed during an admitted burglary. The occasion, the cause, of the offender's presence in plaintiff's plant and office was to commit the burglary. We consider that his purpose in entering the premises was the occasion and the cause, under the terms of the policy, of what he did there, senseless and wanton as much of it appears to be. . . . This is not to say that an insurer could not choose words excluding coverage for vandalism committed in the course of a burglary and not reasonably calculated to aid the purpose of abstracting property. In our opinion it has not done so here.

In the present case, the insurance policy does not define the term "burglary". Under these circumstances, we believe it is appropriate to refer to the applicable criminal statute on burglary.

In *Central Surety Fire Corp.* v. *Williams,* 213 Ark. 600, 211 S.W. 2d 891 (1948), the Arkansas Supreme Court looked to the criminal statutes on larceny in determining if a policy provided coverage. See also *Massachusetts Fire and Marine Ins. Co.* v. *Cagle,* 214 Ark. 189, 214 S.W. 2d 909 (1948).

Burglary is defined by our criminal code in Ark. Stat. Ann. § 41-2002 (Repl. 1977) as follows:

Burglary. — (1) A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

The evidence overwhelmingly points to a violation of our burglary statute. The apartment was entered unlawfully and was an occupiable structure. Clearly there was ample evidence that an offense was committed that was punishable by imprisonment, i.e., furniture valued in excess of $2,500 was destroyed and money and valuables were stolen.

Appellant did not choose to define burglary in its insurance policy with appellees, and we believe it would be unconscionable to allow appellant to now define the coverage after the loss has occurred. The trial court's finding that the Motens sustained their loss as a direct result of the burglary is not clearly erroneous (clearly against the preponderance of the evidence). Rule 52, Arkansas Rules of Civil Procedure.

Appellant also argues that the trial court erred in holding that the Motens proved by a preponderance of the evidence that there was visible evidence of a forcible entry into their apartment.

In *Western Casualty & Surety Co.* v. *Smith-Caldwell Drug Store, Inc.,* 256 Ark. 196, 506 S.W. 2d 116 (1974), the

Arkansas Supreme Court recognized the validity of these policy requirements stating:

> The rationale for recognizing as valid the asserted exclusion of coverage is to prevent liability for "inside jobs" and to protect the insurer from fraud. 10 Couch on Insurance, § 42:129 (2d Ed. 1962). The cases are uniform in holding that where there are no visible marks or signs of force or violence at the place of entry or at the place of exit, then the unambiguous exclusionary language is controlling. (citations omitted).

In *Western Casualty & Surety Co. v. Smith-Caldwell Drug Store, Inc., supra,* the insurance company had issued an open stock burglary policy to the insured. In that case, the policy required that a burglary be committed by a "felonious entry therein by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry, or ..." that similar visible signs of force and violence exist as to the "interior of the premises at the place of exit." The Arkansas Supreme Court stated, "There was *no evidence* of force or violence on the exterior of the premises . . . . " (Emphasis ours.)

Appellant has cited us numerous cases from other jurisdictions which have denied coverage under similar provisions. See 99 A.L.R. 2d 129 (1965) for a discussion of cases dealing with these provisions. It is interesting to note that many of the provisions are quite specific as to the types of marks which are required under the policies. See *Western Casualty & Surety Co. v. Smith-Caldwell Drug Store, Inc., supra.*

The policy in the present case requires "visible evidence of forcible entry". Specific types of visible evidence are not required under the policy. Certainly the evidence in this case presented a close question as to whether the Motens proved visible evidence of a forcible entry. In reviewing the sufficiency of the evidence on appeal to support the decision of a trial judge sitting as a jury, we consider the evidence in the

light most favorable to the appellee and affirm unless the trial court's decision is clearly erroneous. Rule 52, A.R.C.P. *Orsby* v. *McGee,* 271 Ark. 268, 608 S.W. 2d 22 (1980); *Taylor* v. *Richardson Construction Co.,* 266 Ark. 447, 585 S.W. 2d 934 (1979). There was sufficient evidence presented at trial to support the trial court's finding that there was visible evidence of a forcible entry into the Moten's apartment and we cannot say that finding is clearly erroneous.

Finally, appellant argues that the court erred in awarding attorney fees to appellees without notice or an opportunity for the appellant to be heard. Since the record does not reflect that appellant was given an opportunity to be heard on the issue, we are reversing and remanding solely for a hearing on the award of attorney fees. See *Union Central Life Ins. Co.* v. *Mendenhall,* 183 Ark. 25, 34 S.W. 2d 1078 (1931).

Affirmed in part, reversed in part.

MAYFIELD, C.J., and COOPER, J., concur.

CRACRAFT, J., dissents.

MELVIN MAYFIELD, Chief Judge, concurring. I agree that this matter should be remanded to give the appellant an opportunity to be heard on the attorney's fee award.

It is not necessary to have a hearing in every case and a court may apply its own general knowledge to the facts in evidence in determining the amount of attorney's fees. *Valley Oil Co.* v. *Ready,* 131 Ark. 531, 199 S.W. 2d 915 (1917); *Mercantile-Commerce Bank & Trust Co.* v. *Southeast Arkansas Levee Dist.,* 106 F. 2d 966, 973 (8th Cir. 1939). But I do agree that a party must be afforded an opportunity to be heard on the question.

COOPER, J., joins in this concurrence.

GEORGE K. CRACRAFT, Judge, dissenting. I fully agree with the majority opinion that the trial court correctly found that the loss sustained by appellees was the result of a

burglary. I further agree that the policy provision that limits coverage for burglary to those "of which there must be visible evidence of forcible entry" is a valid limitation. I disagree with the majority only on their conclusion that the finding of the trial court that there was visible evidence of forcible entry was not clearly erroneous.

In my review of the testimony I have been unable to find even a scintilla of evidence supporting that finding. To the contrary, while there was no testimony tending to show evidence of forcible entry, there was affirmative evidence that no such evidence was found. The police officer investigating the crime stated without equivocation " . . . in my investigation I did *not* find any visible evidence of forcible entry into the premises."

All witnesses concluded that entry into the apartment was made through a kitchen window from which a screen had been removed. There was no evidence that the screen had been cut or otherwise forced. There was no evidence that the window had been forced open or that it had been locked when the appellees departed.

In my opinion the appellees did prove that they were the victims of a burglary, but failed to prove or offer evidence tending to show that the burglary was accomplished by forcible entry. In my opinion, failure to show evidence of forcible entry excluded the loss from coverage under the wording of the policy.

I respectfully dissent.