## Troy BROWN *v.* ARKOMA COAL CORPORATION

82-92                                             634 S.W.2d 390

Supreme Court of Arkansas
Opinion delivered June 14, 1982

*Daily, West, Core, Coffman & Canfield,* by: *Michael C. Carter* and *Wyman R. Wade, Jr.,* for appellant.

*Shaw & Ledbetter,* by: *J. Michael Shaw,* for appellee.

DARRELL HICKMAN, Justice. The issue in this case is whether a perfected security interest in certain equipment can be defeated by a judicial sale. The trial court held that Arkoma Coal Corporation had a perfected security interest in a John Deere road grader, a Wisconsin 4-cycle engine and a one ton flat-bed Ford truck that was not defeated by a judicial sale. But it held that the security interest was not perfected in a 1964 International Scout motor vehicle. Troy Brown, the appellant, purchased this equipment, in addition to some other, at a judicial sale and appeals the Sebastian County Circuit Court's decision awarding the three items of equipment to Arkoma Coal Corporation. We find no error as to the road grader and engine but must reverse the court's finding as to the Ford truck.

Arkoma Coal Corporation made several loans to Midwest Coal and Energy Corporation and secured the notes with security agreements, properly filed, on the equipment in question. But Arkoma did not note its lien on the certificates of title to the motor vehicles as Ark. Stats. Ann. §§ 75-160 and 75-161 direct. The City of Greenwood, Arkansas obtained a money judgment against Midwest Coal and issued a writ of execution to satisfy its judgment, attaching the equipment in question. At the sale, Troy Brown, who was the Mayor of Greenwood, purchased all of the equipment for $1,000.00. He bought the equipment individually and not as mayor. It is undisputed that no legal notice was

given to Arkoma Coal Corporation of the sale. Nor is it disputed that Arkoma Coal had filed security agreements on all of the equipment. However, on the date of the sale, the president of Arkoma Coal Corporation learned on his own that a sale was to take place and caused a petition to be filed with the court to stay the distribution of the proceeds of the sale. Arkoma either did not pursue their petition, or was unaware of the court's order confirming the sale six days later.

This suit is a replevin suit that was filed a year and a half later by Arkoma for the return of the equipment it claimed a security interest in. The trial court found that Arkoma had a superior right to the grader, engine and truck to that of Troy Brown, because there was no notice of the sale to Arkoma. He found Arkoma had neither waived its valid security interest nor was it estopped to assert its claim. In this regard the only serious consideration was whether Arkoma had either expressly or impliedly waived its claim by filing the pleading to stay the distribution. Both parties refer to Ark. Stat. Ann. § 85-9-306 (2) as authority. The statute reads:

> Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

Troy Brown argues that Arkoma, by filing the pleading, consented to the sale and falls within the category of "otherwise" authorizing the sale. The trial court correctly held that this was not a waiver of the security interest. A party holding a security interest can go against both the proceeds of the sale and the property. Ark. Stat. Ann. § 85-9-306, Comment 3. There is no evidence in this case Arkoma ever intended to waive its claim except for filing the petition and that is insufficient as a matter of law to waive a lien. See Nickles, *A Localized Treatise on Secured Transactions — Part II: Creating Security Inteests*, 34 Ark. L. Rev. 559 (1981).

Brown also argues that since Arkoma did not file its replevin suit until one and a half years after the judicial sale, that amounts to ratification of the sale. That fact alone cannot be controlling. Perhaps if Arkoma had elected to only seek the proceeds of the sale, rather than the collateral, that might amount to ratification. *See* Nickles, *supra*, n. 728. We do not reach that because we cannot say that Arkoma made such an election.

The only real problems to us in this case are the fact questions. The appellant did not object during the hearing to the court sitting without a jury. But the court did note in the judgment that a jury trial had been requested and went on to find no question of fact was to be decided. Actually it appears the appellant wanted any disputed facts decided by a jury. Certainly there was a disputed question regarding whether the one ton Ford truck was an on-the-road vehicle and, therefore, subject to registration. It would appear that the truck would have to be registered with the State of Arkansas. (Arkoma did not perfect its lien by noting its interest on the certificate of title as required by Ark. Stat. Ann. §§ 75-160, 75-161.) The only testimony regarding this vehicle came from the president of Arkoma who testified that the Ford truck was probably an off-the-road vehicle used in a coal mine or used to transport material between coal mines. But he could not be certain. If it was not subject to registration, Arkoma should probably prevail. However, the matter is further complicated because it may be that Brown's claim, based on the judicial sale, is still inferior to Arkoma's because evidently the order of sale did not list the truck in question as one of the vehicles to be sold. Instead, another truck was listed which was a "water" truck — not a flat-bed truck. The court simply found that the one ton Ford truck was the property of Arkoma and the decree recites there were no questions of fact to be decided. Obviously there was at least one disputed question of fact and that should have been resolved either by the trial court with the consent of the parties or before a jury.

In our judgment there remained no other disputed facts before the court. Waiver and estoppel were presented as defenses because of the pleadings filed and the passage of

time only. There appears to be no other basis for these arguments. If the appellant had desired these issues preserved for a jury he should have explicitly said so. These issues were submitted to the court without explicit objections. It is the duty of the appellant to make his record and we must resolve all doubts on behalf of the appellee on appeal. *Orsby* v. *McGee*, 271 Ark. 268, 608 S.W.2d 22 (1980). The trial court's finding regarding the Ford truck is reversed and remanded and the remainder of the judgment is affirmed.

Affirmed in part, reversed and remanded in part.