Vernon ROBINSON *v.* STATE of Arkansas

CR 87-89                    740 S.W.2d 918

Supreme Court of Arkansas
Opinion delivered December 14, 1987

*Wood Law Firm*, by: *Ed Phillips*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is an appeal from a denial of postconviction relief pursuant to A.R.Cr.P. Rule 37.

Vernon Robinson and his brother, Carl, were jointly charged with the capital felony murder of Alice Mosley, a 77 year old woman who lived across the street from the Robinsons in Wilmot, Arkansas. She was beaten to death and sexually molested when a hoe handle was inserted in her rectum. Her home was burglarized.

The brothers were appointed separate counsel: Jerry Mazzanti represented Vernon and Kenneth Johnson represented Carl. Their mother also hired Robert Morehead, an attorney, to investigate the case. Morehead advised the mother and the brothers that the brothers should plead guilty to avoid the death penalty. After consulting with their appointed attorneys, they decided to do that. The trial court conducted a comprehensive hearing before accepting the guilty pleas of the brothers. The appellant challenges the proceeding on two bases: the plea was involuntary because there was no factual basis to support it, and his counsel was ineffective, the usual claim in these cases.

The trial court held a hearing and found the claims meritless, which finding we confirm. Vernon's main contention is that the trial judge did not establish a factual basis for the plea because Vernon denied any participation in the rape. But he and Carl were charged with capital murder involving the felonies of both rape and burglary. Vernon admitted that he "watched out," and he said he was guilty as charged. His brother pled guilty in the same proceeding just before Vernon did and the details of the crime were recited at that time. In addition a summary of Vernon's confession was before the court in which Vernon admitted cutting the telephone wires to the house, searching the bedroom, looking under a mattress and in a Bible, as well as searching the kitchen. His fingerprints were found on a Lysol can, which was likely used to beat the victim to death.

There is no requirement that a factual basis for a plea has to be supplied by the defendant himself. *See Smith* v. *State*, 291 Ark. 496, 725 S.W.2d 849 (1987). Unlike the defendant in *McDaniels* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986), Robinson was asked directly if he was guilty. By every measure, Robinson's plea was voluntary.

Robinson's claim of ineffective assistance of counsel is also meritless. Counsel filed numerous pretrial pleadings and was evidently prepared to defend the case at a trial. At the Rule 37 hearing, the trial court heard testimony from Jerry Mazzanti, Robert Morehead, and Robinson himself. Robinson disputed some of this testimony, but the court resolved the disputes in favor of the attorneys. Credibility is a question for the trier of fact. *Orsby* v. *McGee*, 271 Ark. 268, 608 S.W.2d 22 (1980).

One of Robinson's claims is that Mazzanti did not advise him of or present evidence of mitigating circumstances. Mr. Mazzanti testified that the only factor he considered a mitigating circumstance was Vernon's age (17). Indeed, he pointed out that Robinson had a California rap sheet "four, five, or six" pages long, involving crimes of violence, including burglary, robbery, assault with a deadly weapon, and numerous other juvenile offenses. Robinson was asked about his prior record at the Rule 37 hearing, but he refused to answer based on the fifth amendment.

We have examined the record and using the standards of *Strickland* v. *Washington*, 466 U.S. 688 (1984), we find that Robinson has failed to establish an ineffective assistance of counsel claim.

For the first time it is argued that the trial judge violated Canon 3(c) of the Canons of Judicial Ethics. His argument is that the trial judge should have recused because Jerry Mazzanti is now a judge in the same judicial district, and the judge could not, therefore, be objective in reviewing Mazzanti's performance. We do not consider arguments raised for the first time on appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.