Carl ROBINSON *v.* STATE of Arkansas

CR 87-89                                                    752 S.W.2d 34

Supreme Court of Arkansas
Opinion delivered June 20, 1988

*Gibson & Deen*, by: *Charles S. Gibson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the denial of post-conviction relief pursuant to A.R.Cr.P. Rule 37. For reversal the appellant contends that the trial court erred in finding that his guilty plea was voluntarily and intelligently made and in finding that the appellant was not denied the effective assistance of counsel. For the reasons stated below we affirm the ruling of the trial court.

The appellant and his brother, Vernon, were jointly charged with the capital felony murder of Alice Mosley, a neighbor of the Robinsons. Both brothers pled guilty and both were subsequently sentenced to life without parole. We affirmed the denial of Vernon Robinson's request for Rule 37 relief in which he made similar challenges. *Robinson* v. *State*, 294 Ark. 97, 740 S.W.2d 918 (1987).

Vernon and Carl were represented separately by court-appointed counsel. During the time they were awaiting trial their mother and a friend sought the advice of independent counsel. The counsel retained by the mother was never entered in the record as counsel for either of the brothers. The third counsel made his own investigation and concluded that, in his opinion, it would be in the best interests of both defendants to enter a guilty plea in return for a sentence of life without parole. All counsel, and no doubt the appellant, were fearful that the death penalty might be imposed. The crime for which the brothers entered the guilty pleas was extremely gruesome in that the victim was beaten to death as well as sexually molested. This is the type of crime for which death sentences are frequently adjudged.

Appellant's appointed attorney agreed with the independently retained counsel, and counsel for codefendant, that a guilty plea was appropriate in exchange for the state's agreement not to seek the death penalty. The nature of the crime obviously made the appellant a likely candidate for the death penalty. The three attorneys and the codefendants all participated in the decision to enter the guilty pleas. This decision is a classic example of trial strategy. This court will not second-guess such decisions.

There is no requirement that the defendant himself must furnish the entire factual basis for accepting a guilty plea. *Robinson* v. *State*, supra. In the present case the brothers were jointly charged and their guilty pleas were entered at the same hearing. The record of this hearing clearly reflects that the guilty pleas of both brothers were voluntarily and intelligently made and that the guilty pleas were accepted by the trial court only after the court had fully complied with the requirements of A.R.Cr.P. Rule 24.4 (1987). Both the brothers stated they understood the nature of the charges and the possible penalties. Both brothers furnished sufficient factual details to support acceptance of the guilty pleas even though each stated that it was the other who had actually committed parts of the criminal act. Both defendants admitted in open court that, at the least, each was the accomplice of the other.

The deciding factor in this case, however, is that there is not even an allegation that Carl Robinson's attorney of record was

ineffective. It would not matter had counsel retained by the mother not performed up to expectations or had even been "ineffective." He was not counsel of record and did not participate in any of the proceedings before the trial court.

After entry of the guilty plea the trial judge asked the appellant if he was satisfied with his appointed counsel and the appellant responded that he was. After examining the record and applying the standard for ineffective assistance set out in *Strickland* v. *Washington*, 466 U.S. 688 (1984), we have concluded that the appellant has failed to establish his allegation of ineffective assistance of counsel or his allegation that he did not intelligently and voluntarily enter his guilty plea.

Affirmed.