IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 13, 2004 Session

## BOBBI JO FISHER v. TENNESSEE INSURANCE COMPANY

**Appeal from the Circuit Court for Knox County**
**No. 2-613-02    Harold Wimberly, Judge**

_____

**No. E2004-00189-COA-R3-CV   Filed August 24, 2004**

_____

The defendant issued a policy of automobile insurance to the plaintiff which provided coverage for liability claims and for collision damage, but each of these insuring agreements was subject to an exclusion of coverage if the insured automobile was being operated by a non-licensed driver at the time of the accident giving rise to the claim. The plaintiff loaned her Pontiac to a non-licensed driver under the mistaken belief that he was properly licensed. The trial judge found that the plaintiff reasonably believed that her permittee had a valid driver's license and allowed recovery. We reverse and dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., joined. D. MICHAEL SWINEY, J., filed a separate concurring opinion.

Sarannah L. McMurtry, Nashville, Tennessee, for appellant, Tennessee Insurance Company.

Timothy M. McLaughlin, Knoxville, Tennessee, for appellee, Bobbi Jo Fisher.

### OPINION

This is an action to recover on a policy of auto insurance affording benefits for collision damages. The facts are not controverted. The plaintiff's automobile was damaged in a collision in September 2004 while it was being operated by Charles J. Cason, IV, to whom the plaintiff had loaned the vehicle. The plaintiff's policy excluded coverage if her automobile was damaged while driven by an unlicensed driver.

Cason's driver's license had been revoked in 1996. The plaintiff testified that she believed Cason had a license because he owned a Saturn automobile, and she had "seen" his license on

various occasions. What she saw was a photo identification license with the words "Identification Purposes Only" obliterated which she believed was a driver's license.[1]

Tennessee Code Annotated § 55-50-336 provides:

> 55-50-336. Photo identification license. – (a)(1) Any person eighteen (18) years of age and older, upon submission of a satisfactory application and proof of identity, may be issued a photo identification license restricted in use to identification only. Proof of identity may be furnished by birth certificate or any other document as set forth in this chapter substantiating the identity of the applicant.
>
> *  *  *  *  *
>
> (b) The photo identification license shall have substantially the same content as a driver license, but shall clearly indicate that it is not a driver license by having printed prominently thereon the following statement: "FOR IDENTIFICATION PURPOSES ONLY – NOT VALID FOR VEHICULAR USE."
>
> *  *  *  *  *
>
> (d) Photo identification license issued by the department shall indicate on the license if the license holder has previously had a license revoked or suspended due to a conviction for violation of § 55-10-401.

The trial judge concluded that "under the facts of this particular case that where a person appears to have a valid license and that's believable, which the court finds to have been the situation in this case, that the contract of insurance would mean that there would be coverage . . . ." and rendered judgment for the plaintiff. The defendant appeals and presents for review the sole issue of whether the trial judge erred in holding that coverage was provided where the insured reasonably believed the permittee had a valid license. Our review is *de novo* on the record with no presumption of the correctness of the judgment since the issue is one of law. ***S. Constructors Inc. v. Loudon County. Bd of Educ.***, 58 S.W.2d 70 (Tenn. 2001).

The appellant argues that the two (2) policy provisions excluding coverage if a permitted user has no valid license are plain and unambiguous, and that a court may not enlarge the language to provide coverage merely because the insured believed her permittee was properly licensed. The appellee argues that she was justified in her belief that Mr. Cason was properly licensed because he

---

[1] The plaintiff initially reported her Pontiac was stolen. She retracted this Report within twenty-four hours and apologized for "my dishonesty."

drove a Saturn vehicle every day, he exhibited his "license" to various establishments in order to gain admittance, and to buy alcohol. It is not revealed why the plaintiff did not observe the obliterated words on the purported license. But this point is not crucial, because the resolving issue is whether Mr. Cason, in fact, had a driver's license. It is admitted that he did not, which forecloses the issue. The subjective views of the insured, no matter how well held, cannot be engrafted upon the language of the policy to unilaterally enlarge the obligation of the defendant or to deprive the defendant of the benefit of a policy exclusion in the absence of fraud, waiver, or extant public policy.

The provisions of a policy of insurance are governed by the same rules of construction that are applicable to contracts generally, and a court must give effect to the plain language employed, which binds the parties thereto. *McKimm v. Pell*, 790 S.W.2d 526 (Tenn. 1990); *Angus v. Western Heritage Ins. Co.*, 48 S.W.3d 728 (Tenn. Ct. App. 2000); *Actress v. State Farm Fire & Casualty Co.*, 429 S.W.2d 430 (Tenn. 1968); *Harrell v. Minnesota Mut. Life Ins. Co.*, 937 S.W.2d 809 (Tenn. 1996). We are bound to enforce the policy as written, no fraud or mistake appearing. This principle of law is well settled beyond peradventure. *See, Black v. Aetna Ins. Co.* , 909 S.W.2d 1 (Tenn. Ct. App. 1995); *Allstate Ins. Co. v. Wilson*, 856 S.W.2d 706 (Tenn. Ct. App. 1992).

The judgment is reversed and the cause is dismissed at the costs of the appellee.

 

_____
WILLIAM H. INMAN, SENIOR JUDGE